# IN THE COURT OF APPEALS OF IOWA

No. 19-0404
Filed June 17, 2020

**JOSEPH MORRISSEY,**
    Plaintiff-Appellee,

**vs.**

**TIM WATTS and INTERNATIONAL WORKSHOP, LLC,**
    Defendants-Appellants,

**and**

**PAM RICKER,**
    Defendant.
_____

Appeal from the Iowa District Court for Polk County, Sarah Crane, Judge.

Defendants appeal the district court order entering judgment for a plaintiff on his claim of fraudulent misrepresentation and omission. **AFFIRMED.**

Matthew G. Sease of Kemp & Sease, Des Moines, for appellants.

William B. Serangeli and Joseph M. Borg of Dickinson, Mackaman, Tyler & Hagen, P.C., Des Moines, for appellee.

Considered by Bower, C.J., and Doyle and Schumacher, JJ.

**DOYLE, Judge.**

The defendants appeal the district court order entering judgment for the plaintiff in the amount of $154,300 on a claim of fraudulent misrepresentation and omission.[1]  The defendants challenge the sufficiency of the evidence to support the finding that they committed actionable fraud.

This action stems from the parties' failed business venture.  Joseph Morrissey wanted to open a woodworking shop in Ankeny.  Morrissey approached Tim Watts for information on how to go about it because Watts and his company, International Workshop LLC (IW), operated a woodworking shop in Minnesota.  Their discussions led to the signing of a letter of intent to open a new woodworking business in the Des Moines area, with IW owning 60% of the business and Morrissey owning 40%.  Morrissey agreed to contribute $150,000 to the venture, with $30,000 allocated to IW as a "consulting fee" for the administrative costs of setting up the Iowa company, $50,000 considered a loan to be repaid to Morrissey over time, and the remaining $70,000 to build out, equip, and operate the Iowa store.  In return, IW agreed to provide management oversight and guidance, "including policies, procedures, accounting, legal and marketing oversight," for a monthly fee.

The undertaking did not go according to plan.  In the six months after signing the letter of intent, costs and expenses exceeded $200,000.  IW was slow to pay bills, and so the business was unable to open its doors as expected in February

---

[1] Initially, the court also entered judgment against a third defendant, Pam Ricker, but dismissed the claims against Ricker in its ruling on the defendants' motion to amend, modify, or enlarge.

2015.  In March 2015, Morrissey tried to open the business without IW.  But the business failed by July 2015 when IW stopped making rent payments.

Morrissey filed a petition alleging the defendants committed security violations, fraud, and breach of fiduciary duty.  After a bench trial, the district court found Morrissey proved his claim that the defendants committed fraud by failing to provide sufficient or true disclosures about the Minnesota workshop.  The court found the defendants' false representations that the Minnesota woodworking shop was "profitable" constituted actionable fraud.  The defendants challenge that finding on appeal.[2]

We review the district court's judgment for correction of errors at law.  *See Bus. Consulting Servs., Inc. v. Wicks*, 703 N.W.2d 427, 429 (Iowa 2005).  The trial court's findings are binding if supported by substantial evidence.  *See id.*  Evidence is substantial if a reasonable mind would accept it as adequate to reach the conclusion.  *See id.*  "When a party challenges a district court's ruling claiming substantial evidence does not support the decision, we must view the evidence in the light most favorable to support the judgment and liberally construe the court's finding to uphold, rather than defeat, the result reached."  *Papillon v. Jones*, 892 N.W.2d 763, 770 (Iowa 2017) (citation omitted).

To succeed on a claim of fraudulent misrepresentation, a plaintiff must establish the elements by a preponderance of clear and convincing proof.  *Van Sickle Const. Co. v. Wachovia Commercial Mortg., Inc.*, 783 N.W.2d 684, 687

---

[2] Although the defendants separately argue that failing to disclose losses by prior investors was not actionable fraud, that failure is part of the claim the defendants falsely represented the business was profitable.

(Iowa 2010). These elements are: "(1) representation, (2) falsity, (3) materiality, (4) scienter, (5) intent to deceive, (6) reliance, and (7) resulting injury and damage." *Id.* (citation omitted). The defendants allege that Morrissey failed to prove each of these elements.

The record supports the finding that the defendants' statements about the profitability of the Minnesota business constitute actionable fraud. Watts told Morrissey that the Minnesota business "was a profitable venture 'and then some'" and gave Morrissey literature stating that the business "is profitable and is looking forward to a fourth year of robust growth." But Ricker, a certified public accountant who provided accounting services to IW, testified that it always operated at a loss. Ricker also testified that the projections provided to Morrissey to entice him to invest in a woodworking shop were inaccurate. Watts admitted that the business always operated at a loss and the projections given to Morrissey did not reflect the results of his business. And when Morrissey asked Watts "pointblank" if the woodworking shop "was a money-making venture and whether it was going to sustain a livelihood and provide for [Morrissey's] family," Watts replied that "it would and then some." Morrissey relied on Watts's representations about the profitability of his business when deciding to invest in the new venture. Sufficient evidence supports a finding that the defendants made representations about the profitability of the business that were false and material to Morrissey investing in the venture. The record also supports a finding that the defendants knew the representations were false or made them with reckless disregard as to their veracity, which shows the defendants' intent to deceive. *See Dier v. Peters*, 815 N.W.2d 1, 9 (Iowa 2012).

The defendants claim that Morrissey was not justified in relying on these representations because Morrissey sought advice from others who expressed concerns before he invested in the venture. But Morrissey need not prove his reliance was that of a reasonably prudent person. *See Spreitzer v. Hawkeye State Bank*, 779 N.W.2d 726, 736 (Iowa 2009). The question is whether Morrissey was justified in relying on the representations based on his specific qualities and characteristics, as well as the surrounding circumstances. *See id.* at 737. And that reliance cannot be blind. *See id.* In other words, a plaintiff cannot recover if the misrepresentations relied on would have been found to be false with cursory examination or investigation. *See Dier*, 815 N.W.2d at 9. That is not the case here. Instead, the defendants provided Morrissey with projections that included no background information, making it "impossible" for a person like Morrissey to understand how they were created.

Finally, the defendants allege that Morrissey failed to show their misrepresentations damaged him. They argue that the misrepresentations concerned the overall profitability of a woodworking shop while Morrissey's investment was lost because of the costs of the build out, a matter unrelated to profitability. But the issues are not as separate as the defendants claim. The defendants' projection about the business's profitability led Morrissey to believe that the defendants had some expertise in how to open and run a profitable woodworking shop. As a result, Morrissey invested $150,000 in the venture with the belief that the defendants would be providing a $150,000 "in-kind" investment based on that expertise. The defendants never provided any such contribution, and Morrissey's cash contribution alone could not sustain the business when its

expenses exceeded its income. Morrissey's loss flows from investing in the business venture, and his investment flows from the defendants' misrepresentation. *See Midwest Mgmt. Corp. v. Stephens*, 353 N.W.2d 76, 82 (Iowa 1984) (holding that the defendant liable for the shareholders' loss where "[t]heir loss flows from their joining in the venture, and their joining in the venture flows from [the defendant's] concealment").

Because the evidence supports the finding that the defendants committed actionable fraud in misrepresenting the profitability of the Minnesota woodworking shop, we affirm the judgment entered in favor of Morrissey.

**AFFIRMED.**